UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUFAZZAL GHULAM FAZAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. CV 12-221-PJW<br><br><br>MEMORANDUM OPINION AND ORDER |

## I.

## INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for disability insurance benefits ("DIB"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when she: 1) rejected the examining psychiatrist's opinion that he suffered from a severe psychological impairment; and 2) determined that he could perform his past work. For the reasons set forth below, the Court concludes that the ALJ did not err.

II.

SUMMARY OF PROCEEDINGS

Plaintiff applied for DIB in October 2005, alleging that he had been unable to work since November 2003, due to carpal tunnel syndrome and back, knee, and neck pain. (Administrative Record ("AR") 206-07.) The Agency denied his application initially. (AR 124-29.) He then requested and was granted a hearing before an ALJ. (AR 130, 133.) Plaintiff appeared with counsel and testified at the hearing. (AR 77-106.) The ALJ subsequently issued a decision denying benefits. (AR 108-17.)

Plaintiff appealed to the Appeals Council, which remanded the case to the ALJ to, among other things, determine whether Plaintiff suffered from a mental impairment. (AR 120-22.) The ALJ held a second hearing and thereafter issued a second decision, finding that Plaintiff did not suffer from a severe mental impairment and could perform his past work as a quality assistance coordinator. (AR 19-35, 40-76.) Plaintiff appealed to the Appeals Council, which denied review. He then commenced this action.

III.   ANALYSIS

A.   <u>The ALJ's Rejection of the Examining Psychiatrist's Opinion</u>

Plaintiff contends that the ALJ erred when she rejected examining psychiatrist Christopher Ho's opinion that he suffered from adjustment disorder and would have difficulty performing complex tasks. (Joint Stip. at 3-6, 16-18.) For the following reasons, the Court finds that the ALJ did not err.

The starting--and ultimately ending--point for the Court's analysis of the ALJ's treatment of Dr. Ho's opinion is the ALJ's finding that Plaintiff was not credible. (AR 29-32.) Plaintiff has

not challenged that finding, which the Court accepts as true and reviews the ALJ's decision in that light.

Dr. Ho's opinion that Plaintiff had a psychological impairment that precluded the performance of complex tasks was based almost entirely on Plaintiff's statements to him during the examination. Dr. Ho makes that clear at the outset of his report: "The source of information for this evaluation was the patient . . . ." (AR 467.) He reiterates this in the "Functional Assessment" section of the report wherein he explains that his opinion is based on Plaintiff's "history, presentation and mental status exam, . . . ." (AR 470.) The mental status exams that Dr. Ho refers to were entirely within Plaintiff's control. For example, Dr. Ho provided Plaintiff with the names of three objects and asked him five minutes later to recall the objects. (AR 469.) Plaintiff reported that he could only remember one of them. (AR 469.) Obviously, Dr. Ho had no way of knowing whether Plaintiff was telling the truth and based his assessment on the assumption that Plaintiff was.

Where, as here, Dr. Ho's opinion was based almost exclusively on Plaintiff's representations and Plaintiff was found to be not credible, the ALJ was empowered to reject Dr. Ho's opinion on that basis alone. *See Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 602 (9th Cir. 1999) (approving ALJ's rejection of psychiatrists' opinions based, in part, on the fact that they were premised on claimant's subjective complaints, which the ALJ found to be incredible); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (upholding ALJ's rejection of treating doctor's opinion that was based solely on discredited statements claimant made to treating doctor).

The ALJ also rejected Dr. Ho's opinion for other reasons, including the fact that, "[i]n the composite, Dr. Ho's examination does not support his assessment that the claimant would have difficulty with complex tasks." (AR 27.) Plaintiff takes exception to this finding and others like it and argues that they are too general. He contends that this error mandates reversal. The Court disagrees. Even assuming that all of the ALJ's other reasons for rejecting Dr. Ho's opinion were wrong, the fact that Dr. Ho's opinion was premised on Plaintiff's representations and these representations were untrue justifies the ALJ's decision to reject Dr. Ho's opinion. As such, Plaintiff's objections here do not warrant remand or reversal.[1]

This same analysis applies to the ALJ's treatment of the other doctors' opinions. Those opinions were also based in large measure on what Plaintiff told the doctors he was feeling and experiencing. And, clearly, Plaintiff was, at the very least, grossly exaggerating his condition. For example, Plaintiff exhibited grip strength of 60 in his right hand and 50 in his left hand in November 2003, when examining orthopedist Richard Siebold tested him. (AR 406.) Without

---

[1] The ALJ also relied on the fact that Plaintiff had never undergone psychiatric treatment. (AR 27.) This was supported by the record and is a valid reason for questioning Dr. Ho's findings. In addition, the ALJ considered the fact that Dr. Ho diagnosed Plaintiff with adjustment disorder, which, according to the medical expert who testified at the hearing, is, by definition, a temporary condition, lasting no more than six months. (AR 44.) As the ALJ concluded, even if Plaintiff had this disorder, it would not satisfy the minimum 12-month duration requirement for disability under the law. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992) (explaining disability under Social Security law requires showing that impairment precludes claimant from working for continuous period of not less than 12 months).

explanation, Plaintiff's grip strength in subsequent tests by other doctors purportedly continued to decline, at one point reaching 0. (AR 481.)  Examining orthopedist Frank Cunningham attributed this unexplained loss of grip strength to "magnification" or "voluntary inhibition of effort," meaning Plaintiff was faking. (AR 574.)  The ALJ was empowered to reject the doctors' opinions that were based on Plaintiff's subjective claims--which were found to be untrue--which she did. (AR 31 ("Hence [the doctors'] opinions, when dependent upon the allegations from the claimant that are inconsistent with objective diagnostic fact, are correspondingly unreliable, are consequently of little probative value, and are therefore afforded little weight by the undersigned.").)

    The bottom line is that Plaintiff's obvious exaggerations throughout this case supported the ALJ's finding that he was not credible.  This credibility finding undermined the doctors' opinions that Plaintiff was impaired because the doctors relied on Plaintiff's representations in formulating their opinions.  Absent Plaintiff's claimed limitations, there was essentially no evidence to support the doctors' opinions.  Thus, the ALJ's rejection of the doctors' opinions was for a specific and legitimate reason and was based on substantial evidence.  Therefore, it will not be disturbed.

B.   <u>The ALJ's Residual Functional Capacity Finding</u>

    The ALJ determined that Plaintiff had the residual functional capacity to perform his past work as a quality assurance coordinator. (AR 34.)  This position requires the ability to frequently finger and handle. (AR 71.)  Plaintiff argues that the ALJ erred in concluding that he could perform this job because, according to the ALJ, he was

only capable of occasional fingering and handling. (Joint Stip. at 19-22, 24-26.) For the following reasons, the Court disagrees.

The ALJ's decision is internally inconsistent. In the heading of the section on residual functional capacity, she states that Plaintiff is capable of frequently fingering and handling. (AR 29.) Four pages later, in discussing the bases for her residual functional capacity findings, she states that Plaintiff is only capable of occasional fingering and handling. (AR 33.) Plaintiff argues that the second statement accurately captures the ALJ's finding; the Agency argues that the first statement does. For the reasons explained below, the Court sides with the Agency.

The ALJ made clear in her decision that her findings regarding Plaintiff's physical capabilities were based on reviewing physician F. W. Wilson's opinion. (AR 33.) She then listed her findings regarding Plaintiff's residual functional capacity, which mirrored Dr. Wilson's. (AR 33, 471-78.) For example, Dr. Wilson found that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, and the ALJ adopted this finding. (AR 33, 472.) Dr. Wilson found that Plaintiff could stand/walk for two to four hours a day, and so did the ALJ. (AR 33, 472.) Dr. Wilson found that Plaintiff would need a cane to walk more than 20 feet, and so did the ALJ. (AR 33, 472.) Thus, it is clear that, when it came to fingering and handling, which the ALJ included in this same paragraph, she was intending to adopt Dr. Wilson's finding that Plaintiff could frequently finger and handle. (AR 474.) Her appending the words fingering and handling to the end of a series of functions that she, like Dr. Wilson, had limited to "occasional" was obviously in error. (AR 33.) Nowhere did she report that she was deviating from Dr. Wilson's findings or explain why. For

this reason, the Court is convinced that the ALJ erred the second time when she stated that Plaintiff was limited to occasional fingering and handling. As such, the ALJ's subsequent finding that Plaintiff was capable of performing his past work as a quality assurance coordinator, which required frequent fingering and handling, will not be overturned.

Plaintiff argues that the ALJ also erred when she concluded that he could perform his past work as a quality assurance coordinator because that job is performed at a light level and Plaintiff is only capable of sedentary work. (Joint Stip. at 25-26.) Plaintiff is mistaken. He performed this job at a sedentary level (AR 67) and the ALJ was allowed to assess his ability to perform this job by taking into account the way he performed it in the past. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (explaining ALJ charged with determining whether claimant can perform job as actually performed by claimant in the past or as generally performed in the economy). Thus, the ALJ did not err here.

Finally, Plaintiff complains that the ALJ failed to include all of his claimed limitations in the hypothetical question to the vocational expert. (Joint Stip. at 26-27, 28.) This argument is without merit. The ALJ was not required to include all of Plaintiff's claimed limitations in the hypothetical question. She was only required to include those limitations that she found to be supported by the evidence, *see Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) ("It is, however, proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record."), which is what she did. (AR 68-69, 73.) The limitations that she did not include--which Plaintiff argued at the administrative

level and argues here limit his ability to work--are not supported by the record. As such, the ALJ was not required to include them in the hypothetical question to the vocational expert. *Osenbrock*, 240 F.3d at 1164-65.

## IV.
## CONCLUSION

For these reasons, the Agency's decision denying Plaintiff's application for DIB is affirmed and the case is dismissed with prejudice.

IT IS SO ORDERED.

DATED: November 15, 2012.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-CLOSED\Closed-Soc Sec\FAZAL, 221\Memo Opinion and Order.wpd